| | | |
|---|---|---|
| John C. Patterson, # 25314-018, | ) | C/A No. 6:10-2408-RMG-KFM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **Report and Recommendation** |
| Warden, FCI-Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner is a federal prisoner currently housed at FCI-Williamsburg in Salters, South Carolina. He was convicted of drug conspiracy charges on a guilty plea in the Middle District of Florida in October 2003. He was sentenced under the Federal Sentencing Guidelines § 4B1.1(B) to an enhanced sentence as a violent career criminal (enhanced sentence based on two prior Florida felony battery convictions and one attempted aggravated battery conviction). *United States v. Patterson*, Criminal No. 6:03-CR-065-ORL-19JGG. His direct appeal resulted in an unpublished dismissal based on his guilty plea's appeal waiver provision. *United States v. Patterson*, No. 03-15309-H (11th Cir. March 15, 2004)(reinstated on May 27, 2005 on remand from U.S. Supreme Court). Thereafter, his initial § 2255 motion, a motion to recuse, and a motion to correct the record were denied on the merits by the sentencing court. *United States v. Patterson*, Criminal No. 6:03-CR-065-ORL-19JGG (ECF Nos. 485, 486, 507). The Eleventh Circuit affirmed in November 2008. *United States v. Patterson*, No. 08-11160 (11th Cir. Sept. 11, 2008). In response to special interrogatories issued by this Court following its initial review of the Petition filed in this case, Petitioner disclosed that he requested, but was refused, authorization from the Eleventh Circuit Court of Appeals to file a second § 2255 motion in order to raise the arguments

he is raising in this case. *In re John Patterson*, No. 10-13445-D (11th Cir. Aug. 12, 2010)(no retroactive change in constitutional law justifying a second § 2255 motion). Documents provided in response to our special interrogatories show that Petitioner currently has another § 2241 petition pending in the sentencing court. He was recently ordered to show cause why his § 2241 petition in that case should not be considered a § 2255 motion. *Patterson v. United States*, No. 6:10-cv-1387-Orl-28DAB (M.D. Fl.). Review of the Middle District of Florida's docket discloses that the petition filed in that case is identical to the "memorandum in support of the Petition" that is attached to the Petition in the case currently under review in this Court. Both cases were filed on the same day (September 19, 2010) in the two separate courts. The most recent filing in the Florida case is Petitioner's response to the order to show cause, which response was provided to this Court in connection with Petitioner's Answers to the Court's Special Interrogatories. (ECF Nos. 11, 15). *See St. Louis Baptist Temple, Inc. v. FDIC.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue); *U. S. ex rel. Geisler v. Walters*, 510 F.2d 887 (3rd Cir. 1975)(same); *Rhodes v. Houston*, 309 F.2d 959 (8th Cir. 1963)(same).

In the Petition submitted to this Court in this case, Petitioner invokes 28 U.S.C. § 2241, and asks this Court to vacate his sentence, contending that he is "actually innocent" of the enhanced sentence he received in 2003. He claims that he is actually innocent of the sentence because of recent United States Supreme Court case law calling into question the "violent" nature of two of the predicate state offenses (battery) that were used to enhance his federal sentence under the Federal Sentencing Guidelines. *See Johnson v. United States*, 130 S. Ct. 1265 (2010)(Florida's battery statute not necessarily "violent").

2

***Discussion***

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review *pro se* petitions for relief and to submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

By claiming that he is actually innocent of the enhanced sentence he was given, Petitioner calls into question the underlying validity of his federal sentence. The Fourth Circuit Court of Appeals recently stated "As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, Nos. 08-8191, 09-6001, 2010 WL 3474802, *3 (4th Cir. Sept. 7. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). Another Circuit Court of Appeals held "[h], § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).  In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. Petitioner has failed to make such a showing.  The fact that Petitioner did not prevail in his prior § 2255 action or in his other attempts to contest his sentence in the Middle District of Florida, where it was entered, does not mean that the potential relief of § 2255 was inadequate or ineffective; it simply means that he was not entitled to it.  *See In re Vial*, 115 F.3d at 1194n.5.

To trigger the "savings clause" of § 2255(e) and proceed under § 2241 with a sentencing challenge, Petitioner would have to show that something more should be considered by the Court than that authorized by § 2255, such as a subsequent change in the law that directly affects the continuing validity of a conviction as contemplated in *In re Jones*, 226 F. 3d 328  (4th Cir. 2000).  In *Jones*, the Fourth Circuit held that a § 2241 petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the *conviction*; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the *conduct of which the prisoner was convicted* is deemed *not to be criminal*; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law."  *Jones*, 226 F. 3d at 333-34 (emphasis added).  Petitioner asserts in his Petition that the *Johnson* case from the United States Supreme Court represents the type of change in the law subsequent to the entry of his conviction and

4

sentence contemplated in *In re Jones*. He claims that if this Court refuses to allow him to use the *Johnson* holding to vacate or reduce his enhanced sentence, a miscarriage of justice will result because he will be forced to serve a sentence that is no longer valid under Supreme Court precedent. According to Petitioner, § 2241 and the "savings clause" of § 2255 are designed to prevent such miscarriages.

Petitioner's claim that his sentence was improperly enhanced due to an inflated criminal record of violence is insufficient to meet the high threshold announced in *In re Jones*. Unlike the then-new law discussed in *Jones*, the *Johnson* case has no effect on whether or not the activities on which Petitioner was convicted (participation in drug trafficking and/or conspiracy to do so) are illegal or legal. *Johnson* only changes the rules about whether previous convictions under the Florida battery statute may be considered in connection with an enhanced sentence under the Federal Sentencing Guidelines. It goes to the underlying validity of the sentence; it does not make a conviction on which such sentence is based no longer valid. *See United States v. Poole*, 531 F.3d 263, 267n. 7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."); *see also Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212, *5 (D.S.C. April 7, 2009)(see). Petitioner's allegations do not satisfy the standards for a viable "actual innocence" claim as contemplated in the §§ 2241, 2255 contexts because he provides no allegations of new evidence, unavailable at the time of conviction, which undermines the validity of his criminal *conviction* for conspiracy to distribute narcotics. The type of "actual innocence" that might require the Court to consider a claim under § 2241 is *factual* innocence of the crime of conviction, not *legal* innocence of the requirements for an enhanced sentence as asserted here. *See Bousley v. United States*, 523 U.S. 614, 623-24 (1998). In summary, Petitioner's claim is insufficient to

5

invoke the savings clause embodied in § 2255, and as such, he is barred from proceeding with this habeas corpus action under § 2241.

## **RECOMMENDATION**

Accordingly, it is recommended that the § 2241 petition in this case be dismissed *without prejudice* and without requiring Respondent to file a return.

Petitioner's attention is directed to the important notice on the next page.

November 4, 2010                  s/Kevin F. McDonald
Greenville, South Carolina       United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).