IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| John C. Patterson, | ) | Civil Action No. 6:10-cv-2408-RMG |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| Warden FCI Williamsburg, | ) | |
| Respondent. | ) | |

In the Petition submitted to this Court in this case, Petitioner invokes 28 U.S.C. § 2241, and asks this Court to vacate his sentence, contending that he is "actually innocent" of the enhanced sentence he received in 2003. He claims that he is actually innocent of the sentence because of recent United States Supreme Court case law calling into question the "violent" nature of two of the predicate state offenses (battery) that were used to enhance his federal sentence under the Federal Sentencing Guidelines.

**Analysis**

This matter was referred to the Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC). The Magistrate Judge recommended summarily dismissing Petitioner's claim. (Dkt. No. 21). Petitioner objected to this recommendation. (Dkt. No. 26). As outlined herein, having conducted a *de novo* review of the Record in this matter and Petitioner's objections, this Court adopts the recommendation of the Magistrate Judge.

Here, by claiming that he is actually innocent of the enhanced sentence he was given, Petitioner calls into question the underlying validity of his federal sentence. The Fourth Circuit Court of Appeals recently stated that "[a]s a threshold matter, it is well

1

established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, Nos. 08-8191, 09-6001, 2010 WL 3474802, *3 (4th Cir. Sept. 7. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)).

In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. Petitioner has failed to make such a showing. The fact that Petitioner did not prevail in his prior § 2255 action or in his other attempts to contest his sentence in the Middle District of Florida, where it was entered, does not mean that the potential relief of § 2255 was inadequate or ineffective; it simply means that he was not entitled to it. *See In re Vial*, 115 F.3d at 1194n.5.

To trigger the "savings clause" of § 2255(e) and proceed under § 2241 with a sentencing challenge, Petitioner would have to show that something more should be considered by the Court than that authorized by § 2255, such as a subsequent change in the law that directly affects the continuing validity of a conviction as contemplated in *In re Jones*, 226 F. 3d 328 (4th Cir. 2000). In *Jones*, the Fourth Circuit held that a § 2241 petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F. 3d at 333-34 (emphasis added).

Petitioner's claim that his sentence was improperly enhanced due to an inflated

2

criminal record of violence is insufficient to meet the high threshold announced in *In re Jones*. Unlike the then-new law discussed in *Jones*, the authority relied upon by Petitioner has no effect on whether or not the activities on which Petitioner was convicted (participation in drug trafficking and/or conspiracy to do so) are illegal or legal.

Petitioner's allegations do not satisfy the standards for a viable "actual innocence" claim as contemplated in the §§ 2241, 2255 contexts because he provides no allegations of new evidence, unavailable at the time of conviction, which undermines the validity of his criminal conviction for conspiracy to distribute narcotics. The type of "actual innocence" that might require the Court to consider a claim under § 2241 is factual innocence of the crime of conviction, not legal innocence of the requirements for an enhanced sentence as asserted here. *See Bousley v. United States*, 523 U.S. 614, 623-24

## Conclusion

Accordingly, this § 2241 petition is dismissed without prejudice and without requiring Respondent to file a return.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 27, 2010
Charleston, South Carolina